IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERESA HUDSON**                                                                                                **PLAINTIFF**

V.                                                    **4:23CV01147 JM**

**STATE FARM FIRE AND CASUALTY COMPANY**                                  **DEFENDANT**

## ORDER

Pending are Defendant's partial motion to dismiss Plaintiff's bad faith claim, docket # 5 and second partial motion to dismiss Plaintiff's bad faith claim, docket #11.  In response to the Defendant's first motion to dismiss, Plaintiff filed a response along with an amended complaint. Accordingly, the Defendant's first motion for partial dismissal is denied as moot.  Plaintiff has filed a response to the Defendant's second motion for partial dismissal and it is ripe for consideration.

Plaintiff filed her complaint on December 1, 2023 alleging that Defendant, State Farm Fire and Casualty Company intentionally set about to underpay her claim after the March 31, 2023 tornado caused damage to her home.  Plaintiff includes a cause of action for bad faith. Defendant argues that the bad faith allegations are baseless and conclusory and asks the Court to dismiss them pursuant to Fed. R. Civ. P. 12(b)(6).

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(quoting *Twombly,* 550 U.S. 544, 555 (2007)).  A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Twombly,* 550 U.S. at 556.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27(1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

Brief Facts

Plaintiff claims that her home suffered roof damage as a result of the March 31, 2023 tornado.  After filing her claim, Plaintiff alleges that State Farm assigned an adjuster who intentionally violated company policy regarding roof shingles that had become unsealed due to wind.  This affirmative action was done with the approval of the Defendant who, Plaintiff claims, has a policy of intentionally underpaying property damage claims so that the Defendant may financially benefit.  Plaintiff alleges that the Defendant engaged in affirmative dishonest misconduct by refusing to conduct a good faith investigation into the facts surrounding the

Plaintiff's claim, refusing to respond in a timely manner to Plaintiff's demands and setting out to intentionally underpay Plaintiff's claim.

Discussion

Arkansas recognizes a claim for bad faith when "an insurance company affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Selmon v. Metro. Life Ins. Co.*, 372 Ark. 420, 426, 277 S.W.3d 196, 201,202 (2008) (quoting *Columbia Nat'l Ins. Co. v. Freeman*, 347 Ark. 423, 429, 64 S.W.3d 720, 723 (2002)). Mere negligence or bad judgment is not enough; there must be affirmative misconduct. *Id.*, 277 S.W.3d at 202. "The standard for establishing a claim for bad faith is rigorous and difficult to satisfy." *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 627, 210 S.W.3d 84, 87 (2005). Bad faith has been defined as "dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Id.*, citations omitted.

Despite this rigorous standard, Plaintiff has sufficiently stated a claim for bad faith. Plaintiff's claim that Defendant "intentionally set about to deny damages it knew were covered by the Policy. . . [and such] conduct was done pursuant to a policy of purposely underpaying on claims that it knows to be legitimate in order to maximize its own profits at the expense of its insureds by retaining funds that would be rightfully due to its insureds if such claims were paid at their proper values" sufficiently states a cause of action for bad faith. *See, Jones v. State Farm Mut. Auto. Ins. Co*., 2023 WL 5112007, 2 (W.D. Ark. August 9, 2023) (finding that the same type of allegations alleged by Plaintiff herein, "supports a reasonable inference that the low offer on [plaintiff's] claim was not merely the result of negligence, bad judgment or a good-faith disagreement on the value of her claim, but rather was caused by dishonest conduct and characterized by ill will").

Conclusion

For these reasons, Defendant's motion to dismiss (docket # 5) is DENIED AS MOOT. Defendant's motion to dismiss, (docket 11) is DENIED.

IT IS SO ORDERED this 30th day of January, 2024.

*[signature]*
James M. Moody Jr.
United States District Judge